65 F.3d 168
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Billy Gene CROSS, Petitioner/Appellant
v.
Charles L. NOLES, Respondent/Appellee.
 No. 94-6000.
 United States Court of Appeals, Sixth Circuit.
 Sept. 5, 1995.
 
 Before: JONES and BOGGS, Circuit Judges; and CHURCHILL, District Judge.*
 PER CURIAM.
 
 
 1
 The appellant, Billy Gene Cross, was convicted by jury trial in the Shelby County Criminal Court, Memphis, Tennessee, of murder in the first degree in the perpetration of robbery. Cross was sentenced to life imprisonment on March 31, 1983. On July 24, 1990, having exhausted his state court remedies, Cross filed a petition for writ of habeas corpus, which has been treated as if filed pursuant to 28 U.S.C. Sec. 2254. The respondent filed a response on March 15, 1991. The petition was referred for report and recommendation. On February 9, 1994 United States Magistrate Judge Aaron Brown, Jr., filed a report and recommendation in which he recommended that the petition be granted. The basis for this recommendation was that "the evidence presented in this case was insufficient as a matter of law to support petitioner's conviction. ..."
 
 
 2
 On February 24, 1994 the respondent filed objections to the magistrate judge's report. On June 24, 1994 United States District Judge Jon Phipps McCalla reviewed de novo those portions of the report and recommendation to which objections were filed.
 
 
 3
 The district court found that there was sufficient evidence to support petitioner's conviction and that petitioner's arguments regarding the trial court's instructions to the jury and the application of the felony murder rule were without merit. On July 21, 1994 a judgment was entered dismissing the petition. A timely appeal was filed.
 
 
 4
 The only issue on appeal involves the sufficiency of the evidence.
 
 
 5
 The appellant's brief states that the issue is whether there was sufficient proof under the law of the State of Tennessee regarding circumstantial evidence and aiders and abettors to satisfy a rational trier of fact that he was guilty beyond a reasonable doubt of first-degree murder by virtue of being an aider and abettor. Cross argues that the facts and circumstances " 'must be so strong and cogent as to exclude every other reasonable hypothesis save the guilt of the Defendant.' " (citations omitted.) This court specifically rejected this theory of the court's standard of review in York v. Tate, 858 F.2d 322 (6th Cir.1988), cert. denied, 490 U.S. 1049 (1989).
 
 
 6
 In Jackson v. Virginia, 443 U.S. 307, 324 (1979), the Supreme Court set forth the following standard for challenges to the sufficiency of evidence in habeas cases:
 
 
 7
 We hold that in a challenge to a state criminal conviction brought under 28 U.S.C. Sec. 2254--if the settled procedural prerequisites for such a claim have otherwise been satisfied--the applicant is entitled to habeas corpus relief if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt.
 
 
 8
 (footnote omitted.)
 
 
 9
 The rule applies whether the evidence is direct or circumstantial, Spalla v. Foltz, 788 F.2d 400, 402 (6th Cir.), cert. denied, 479 U.S. 935 (1986), and it is not necessary for the evidence to exclude every reasonable hypothesis except that of guilt. United States v. Beddow, 957 F.2d 1330, 1334 (6th Cir.1992).
 
 
 10
 District Judge McCalla's memorandum opinion contains a comprehensive summary of the evidence linking Cross with the planning and execution of the robbery. We adopt and incorporate by reference herein that part of the opinion.
 
 
 11
 Upon de novo review, we find that a rational juror could have found that Cross was guilty of the offense of which he was convicted beyond a reasonable doubt.
 
 
 12
 Accordingly, we affirm the judgment denying Cross's July 24, 1990 petition for a writ of habeas corpus.
 
 
 
 *
 Honorable James P. Churchill, Senior United States District Judge for the Eastern District of Michigan, sitting by designation